UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MALEEK JAMES, | CASE NO. C12-1917-MJP |
| Petitioner, | ORDER GRANTING APPOINTMENT OF COUNSEL |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter comes before the Court on Petitioner Maleek James' motion for appointment of counsel. (Dkt. No. 59.) The government filed no opposition. Having reviewed the motion and having determined Mr. James' habeas petition is of a complex nature that requires the assistance of counsel and likely has merit, the Court GRANTS the motion.

The district court has the discretion to appoint counsel in habeas matters. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is required when the complexities of the case are such that lack of counsel would equate with the denial of due process. See Brown v. United States, 623 F.2d 54, 61 (9th Cir. 1980) (citing Dillon v. United States, 307 F.2d 445, 446–47 (9th Cir. 1962)). Otherwise, the court must determine whether the interests of justice require

ORDER GRANTING APPOINTMENT OF COUNSEL- 1

the appointment of counsel. <u>Terrovona v. Kincheloe</u>, 912 F.2d 1176, 1181 (9th Cir. 1990) (quoting 18 U.S.C. § 3006A(a)(2)(B)). This determination is guided by an assessment of petitioner's ability to articulate his claim, the complexity of the legal issues, and the likelihood of success on the merits. <u>See</u> <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

Here, the Court finds petitioner's claims are complex, the articulation of his claims would benefit from counsel, that he has a likelihood of success on the merits, and that the interests of justice require counsel in this case. <u>States v. James</u>, 494 Fed.Appx. 745, *3 (2012) ("To my thinking, the prosecutor's use of these images during jury voir dire was incorrect and threatened the fairness of trial…this voir dire and the absence of objection by James's counsel are a proper subject for an ineffective assistance of counsel claim in collateral proceedings under 28 U.S.C. § 2255.") The Court therefore GRANTS the motion and **ORDERS:**

(1) The Clerk shall appoint counsel for petitioner from the Court's Criminal Justice Act Panel;

(2) Within thirty (30) days of appointment of counsel, the parties shall file a joint status report in which they address whether an amended 28 U.S.C. § 2255 motion or supplemental briefing will be filed;

(3) The Court strikes its consideration of the Habeas Petition and Petitioner's other motions (Dkt. No. 16, 47, 58, 61), without reaching the merits of them. After the joint status report, the Court will establish a new noting date for the § 2255 motion and/or additional briefing.

(4) The Clerk shall direct copies of this Order to petitioner and counsel for the government.

//

ORDER GRANTING APPOINTMENT OF
COUNSEL- 2

1    Dated this 21st day of October, 2013.

　

　

　
                                                  Marsha J. Pechman
                                                  Chief United States District Judge

ORDER GRANTING APPOINTMENT OF
COUNSEL- 3