UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MALEEK JAMES, | CASE NO. C12-1917-MJP |
| Petitioner, | ORDER DENYING MOTION TO RELEASE |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter comes before the Court on Petitioner's motion for release pending resolution of his section 2255 petition. (Dkt. No. 80.) Having reviewed the motion, the response (Dkt. No. 82), the reply (Dkt. No. 87), and all related papers, the Court DENIES the motion.

**Background**

Petitioner Maleek James seeks to vacate his conviction related to possession of ecstasy, conspiracy to distribute and import ecstasy, and aiding and abetting the possession of ecstasy. (Dkt. No. 1.) For these crimes, James was sentenced to 108 months in prison, followed by three years of supervised release. (<u>Id.</u>)

James unsuccessfully appealed. (Dkt. No. 64 at 2.) He argued for reversal of his conviction on a number of grounds. Of pertinence to this motion was his ineffective assistance of counsel claim. He argued his trial attorney's failed to strenuously object during voir dire to the prosecutor's comments comparing the informant testimony in the case with Sammy "The Bull" Gravano testifying against Gambino crime family boss John Gotti. The panel rejected the argument. Nonetheless, in a concurrence, Judge Gould, noted "I conclude that in this direct appeal James did not meet his burden of showing prejudice sufficient to satisfy the plain error standard. However, this voir dire and the absence of objection by James's counsel are a proper subject for an ineffective assistance of counsel claim in collateral proceedings under 28 U.S.C. §2255." States v. James, 494 Fed.Appx. 745, *3 (9th Cir. 2012)

## Discussion

Federal prisoners seeking post-conviction release must meet a significantly higher burden than the Bail Reform Act which governs pre-trial release. United States v. Mett, 41 F.3d 1281, 1282 (9th Cir. 1995). The Ninth Circuit has utilized both a conjunctive and disjunctive test for release pending adjudication of a § 2255 motion; the standards involve "special circumstances" and a "high probability of success." Benson v. California, 328 F.2d 159, 162 (9th Cir. 1964).

James argues for his release, arguing his "circumstances are exceptional because of the strong likelihood of success on the merits." (Dkt. No. 80 at 3.) As proof of the merit of his petition, he suggests: (1) the government's case was weak and; (2) his counsel performance ineffective, as stated in Judge Gould's concurrence. (Id.)

Turning to the first argument, James' offers mere conclusory statements as to the evidentiary strength of the government's case. In doing so, he glosses over his own admissions as to his involvement in drug trafficking. (Dkt. No. 82.) On the second argument, James

mischaracterizes Judge Gould's concurrence. Although Judge Gould indicated the ineffective assistance of counsel would be best heard in the context of a habeas petition, he did not suggest it would necessarily succeed. Likewise this Court's prior order appointing counsel was based not merely on the strength of his petition, but also on the complexities of the claims and James' ability to articulate critical issues. Because it addressed a different legal standard, the order appointing counsel does not automatically mean James has a likelihood of success on the merits. Finding no exceptional circumstances and a likely success on the merits, the Court DENIES the motion.

## Conclusion

Finding James fails to meet the requirements for post-conviction release pending his habeas petition—special circumstances and a high probability of success—the Court DENIES the motion.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 28th day of April, 2014.

Marsha J. Pechman
Chief United States District Judge